IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUY BAKER, | No. CIV S-08-0769-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| A.J. MALFI,, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 10).  In their motion, respondents argue, among other things, that the petition fails to state any claim cognizable on federal habeas corpus review.  The court agrees.

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenged the conditions of

confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

In this case – brought under § 2254 – petitioner does not challenge the fact or duration of his confinement or seek a speedier or immediate release from custody.  Instead, he challenges the conditions of his confinement. Specifically, he claims that his due process rights were violated when he was validated as a gang member and placed in the secured housing unit ("SHU").  Thus, at best, his claim is cognizable under § 1983.  It is not an appropriate claim in a federal habeas corpus proceeding.

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 10) be granted;

2. This action be dismissed; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2008

/s/ Craig M. Kellison
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE